<table>
<tr><td>

Gregory D. Miller
Timothy P. Gonzalez
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601
Telephone: 201-287-2460
Facsimile:  201-489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com

</td><td>

Of Counsel:
Michael R. Dzwonczyk (to be admitted *pro hac vice*)
L. Roman Rachuba II (to be admitted *pro hac vice*)
Hyunseok Park (to be admitted *pro hac vice*)
**SUGHRUE MION PLLC**
2000 Pennsylvania Ave. N.W., Suite 9000
Washington, D.C. 20006
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
hpark@sughrue.com
lrachuba@sughrue.com

</td></tr>
</table>

*Attorneys for Plaintiffs Curelife Co. Ltd. and
Cogent Global Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURELIFE CO., LTD. and COGENT GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IDEAVILLAGE PRODUCTS CORP., <br><br> Defendant. | Case No.: <br><br> JURY TRIAL DEMANDED |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiffs Curelife Co., Ltd. ("Curelife") and Cogent Global, Inc. ("Cogent") (together,

"Plaintiffs"), by and through its undersigned attorneys, against Defendant Ideavillage Products

Corp. ("Ideavillage" or "Defendant"), hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1 et seq., involving U.S. Patent No. 11,219,348 ("the '348 Patent"), attached as Exhibit A.

2.      This action relates to Defendant's use, offer to sell, sale, and importation into the United States of cleaning devices, including but not limited to the Helio Airbroom™ broom (and related products) sold by Defendant.

**THE PARTIES**

3.      Plaintiff Curelife is a privately owned corporation having a place of business at 503 Biltek Camu, 59-20, Seouldaehak-ro, Siheung-si, Gyeonggi-do, Republic of Korea.

4.      Curelife is a Korean company that manufactures and sells cleaning products, including brooms and dustpans. Curelife also performs research & development, and testing of its products.

5.      Cogent is a privately owned corporation having a place of business at 1 Executive Drive, Suite 422, Fort Lee, New Jersey 07024.

6.      Cogent is a United States company that sources products primarily manufactured in Asia, including but not limited to the Republic of Korea, and sells and promotes such products primarily in the United States marketplace.

7.      Upon information and believe, Defendant Ideavillage is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 155 Route 46 West, 4th Floor, Wayne, New Jersey 07470.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1367, and 1338(a).

9.      This Court has personal jurisdiction over Ideavillage. On information and belief, Ideavillage is formed under the laws of the State of New Jersey. On information and belief, Ideavillage has an agent for service of process at its corporate location of 155 Route 46 West, 4th Floor, Wayne, New Jersey 07470.

10.     Upon information and belief, Defendant is in the business of importing, marketing, distributing, and selling consumer products, including brooms and dustpans. Upon information and belief, Defendant directly, or indirectly through its affiliates and/or distributors, manufactures in or imports into the United States, and then markets, distributes, offers to sell and sells consumer products, including brooms and dustpans, within and throughout the United States, including in the State of New Jersey.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is incorporated in the State of New Jersey and "resides" in this judicial District for purposes of 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

12.     Curelife is the owner and assignee of the '348 Patent. A copy of the assignment to Curelife of the '348 Patent is attached as Exhibit B.

13.     Curelife has granted to Cogent certain rights under the '348 Patent to market,

promote, import, use, sell, and offer to sell certain products, including "3JALBI", "3 Jalbi 1", "Jalbi", and "Broombi" ("Covered Products"), manufactured by Curelife or its affiliates, covered by the '348 Patent in the United States. Cogent is Curelife's exclusive distributor of the Covered Products in the United States.

14.     Upon information and belief, Ideavillage develops, produces and/or manufactures, markets, and distributes consumer products, including brooms and dustpans, including the Helio Airbroom™ broom and related products, including the Helio™ mini broom. The Helio Airbroom ™ broom is a type of lightweight broom having a flexible rubber blade that allows it to sweep up debris and dust more effectively than traditional plastic or wooden brooms. The Helio™ mini broom is a smaller, compact version of the Helio Airbroom™ broom.

15.     Upon information and belief, Ideavillage promotes and sells its products through national direct response television advertising commonly referred to as "As Seen On TV" ("ASOTV"). Ideavillage also promotes and sells its ASOTV products online through its own websites, e.g., https://helioairbroom.com, retail customers' websites, e.g., Amazon.com; through well-known mass retail outlets including, without limitation: Kohl's, Wal-Mart, Target, Rite-Aid, CVS, and Walgreens; through catalog companies; as well as through a network of international distributors, among other channels of trade.

16.     Upon information and belief, Ideavillage promotes and offers for sale its Helio Airbroom™ broom and Helio™ mini broom through its own websites, e.g., https://helioairbroom.com, retail customers' websites, *e.g.*, Amazon.com; through mass retail outlets including, without limitation: Kohl's, Wal-Mart, Target, Rite-Aid, CVS, and Walgreens;

through catalog companies; as well as through a network of international distributors, among other channels of trade. A screen shot of Ideavillage's website, https://helioairbroom.com/, promoting and offering for sale its Helio Airbroom<sup>TM</sup> broom and Helio<sup>TM</sup> mini broom is attached hereto as Exhibit C.

17.     Upon information and belief, Ideavillage has advertised and promoted the sale and use of the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom through television, Ideavillage's website, retailer websites, and other Internet-based advertising, print, participation in trade shows, among other efforts domestically and abroad.

18.     Upon information and belief, Ideavillage's Helio Airbroom<sup>TM</sup> broom and Helio<sup>TM</sup> mini broom have achieved significant sales since initial introduction into the market in June 2023.

## PATENT-IN-SUIT

19.     The '348 Patent, entitled "Cleaning Device with Auxiliary Cleaner" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 11, 2022, naming  Hye Jung Yang and Du Young Yang as co-inventors, and is based on Application Ser. No. 16/799,728 ("the '728 Application") filed on February 24, 2020.  The '728 Application is a continuation application of international application No. PCT KR2019/006154 , filed on May 23, 2019, which in turn claims priority to Korean Patent No. 10-2018-0165350, filed December 19, 2018.

20.     Curelife is the sole owner and assignee of the '348 Patent. Cogent has been granted certain rights under the '348 Patent to market, promote, import, use, sell, and offer to sell certain products.

21.    The disclosure of the '348 Patent is generally directed to a cleaning device having an auxiliary cleaner including a plate-shaped scraper including main protrusions and auxiliary protrusions.

## COUNT I – INFRINGEMENT OF THE '348 PATENT

22.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

23.    The allegations provided below are exemplary and without prejudice to Plaintiffs' infringement contentions that will be provided pursuant to the Court's scheduling order and local civil rules, including after discovery as provided under the Federal Rules of Civil Procedure. In providing these allegations, Plaintiffs do not convey or imply any particular claim constructions or the precise scope of the claims of the '348 Patent. Plaintiffs' proposed claim constructions will be provided pursuant to the Court's scheduling order and local civil rules.

24.    Claim 1 of the '348 Patent recites:

A cleaning device having an auxiliary cleaner, the cleaning device comprising:

bar-shaped grip coupled to a tubular housing at a bottom;

a rigid main cleaner including the tubular housing and a plurality of frames connected to a bottom of the tubular housing; and

the auxiliary cleaner coupled to a coupler extending from the bottom of the frames, wherein the coupler is inserted into an inside of the auxiliary cleaner such that the auxiliary cleaner surrounds the coupler,

wherein the auxiliary cleaner includes:

a plate-shaped scraper connected to a bottom of the main cleaner;

a plurality of main protrusions arranged along a longitudinal direction of the scraper and protruding from both lower surfaces of the scraper; and

auxiliary protrusions protruding in the form of a wall in a longitudinal direction of the scraper from at least one side of a top and a bottom of the main protrusions.

25.    On information and belief, the Helio Airbroom™ broom is a cleaning device having an auxiliary cleaner.



*See* https://helioairbroom.com/ (Exhibit C).

26.    On information and belief, the Helio Airbroom™ broom comprises a bar-shaped grip coupled to a tubular housing at a bottom.

7



*See* https://helioairbroom.com/ (Exhibit C).

27.    On information and belief, the Helio Airbroom™ broom comprises a rigid main cleaner including the tubular housing and a plurality of frames connected to a bottom of the tubular housing;

8



28.    As shown above, in the Helio Airbroom™ broom, the tubular housing is included in the rigid main cleaner.

29.    On information and belief, and as shown above, the Helio Airbroom™ broom comprises an auxiliary cleaner. On information and belief, the auxiliary cleaner is coupled to a coupler extending from the bottom of the frames wherein the coupler is inserted inside of the auxiliary cleaner such that the auxiliary cleaner surrounds the coupler. On information and belief, the Helio Airbroom™ broom has been manufactured and assembled using different methods/processes. On information and belief, each configuration of the Helio Airbroom™ broom comprises the auxiliary cleaner, and the auxiliary cleaner is coupled to a coupler extending from the bottom of the frames wherein the coupler is inserted inside of the auxiliary cleaner such that the auxiliary cleaner surrounds the coupler.



*See* https://helioairbroom.com/ (Exhibit C).



Photo of Helio Airbroom<sup>TM</sup> broom purchased from Amazon.com on October 17, 2024.



Photo of Helio Airbroom™ broom purchased from Amazon.com on May 20, 2024.

30.     On information and belief, the Helio Airbroom™ broom comprises the auxiliary cleaner (as shown above), which includes a plate-shaped scraper connected to a bottom of the main cleaner.

11



31.     On information and belief, the Helio Airbroom<sup>TM</sup> broom comprises the auxiliary cleaner (as shown above), which includes a plurality of main protrusions arranged along a longitudinal direction of the scraper and protruding from both lower surfaces of the scraper.



*See* https://helioairbroom.com/ (Exhibit C).

32.    On information and belief, the Helio Airbroom<sup>TM</sup> broom comprises the auxiliary cleaner (as shown above), which includes auxiliary protrusions protruding in the form of a wall in a longitudinal direction of the scraper from at least one side of a top and a bottom of the main protrusions.



*See* https://helioairbroom.com/ (Exhibit C).

33.     On information and belief, the Helio<sup>TM</sup> mini broom includes similar or identical infringing features as the Helio Airbroom<sup>TM</sup> broom.

34.     On information and belief, Ideavillage uses, manufactures, imports, sells, and offers for sale the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom throughout the United States.

35.     On information and belief, Defendant is liable for infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '348 Patent under 35 U.S.C. § 271(a) based on it making, using, offering to sell, and selling the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom, which are covered by at least one claim of the '348 Patent.

36.    On information and belief, Defendant is liable for infringement of one or more claims of the '348 Patent under 35 U.S.C. § 271(b) based on it making, using, offering to sell, and selling the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom, which are covered by at least one claim of the '348 Patent.

37.    On information and belief, Defendant is liable for infringement, literally and/or under the doctrine of equivalents, of one or more claims of the '348 Patent under 35 U.S.C. § 271(c).  Defendant has, and continues to have, knowledge of the '348 Patent and knowledge that the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom are material components of at least the apparatuses claimed in the '348 Patent, they are especially made or adapted for a use that infringes the '348 Patent, and that there are no substantial non-infringing uses for those products.

38.    On information and belief, Defendant was aware of the '348 Patent since at least June 11, 2024, when Amazon.com notified Defendant that the Helio Airbroom<sup>TM</sup> broom was believed to infringe at least one claim of the '348 Patent.

39.    On information and belief, Defendant knows or should know that the importation, offer for sale, sale and promotion to customers of at least the Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom infringe the '348 Patent.  On information and belief, Defendant has no good faith belief that the '348 Patent is invalid or not infringed. Notwithstanding, Defendant deliberately and intentionally continues to import, offers to sell, sells, contributes to and promotes the use of the infringing Helio Airbroom<sup>TM</sup> broom and the Helio<sup>TM</sup> mini broom within the United States, without authorization from Plaintiffs.

40.    Plaintiffs have suffered and will continue to suffer damages as a direct and

proximate result of Defendant's infringement, and willful infringement, of the '348 Patent. Thus, Plaintiffs are entitled to recover their costs and damages for such tortious actions pursuant to 35 U.S.C. § 284 in an amount to be proven at trial. This case is exceptional and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that Defendant has infringed and is infringing the '348 Patent, and is liable for such infringement under 35 U.S.C. §§ 271(a), (b), and/or (c);

C.      An order enjoining Defendant, its officers, agents, employees, attorneys, and all other persons or entities acting in concert, participation or in privity with one or more of them, and their successors and assigns, from infringing the '348 Patent;

D.      A permanent injunction restraining and enjoining Defendant, its officers, agents, employees, attorneys, and all other persons or entities acting in concert, participation or in privity with one or more of them, and their successors and assigns, from engaging in the commercial use, offers for sale, sales within the United States, and/or importation into the United States of the accused Helio Airbroom$^{TM}$ broom, until the expiration of the '348 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or may become entitled;

E.      A judgment, declaration or order that Defendant's infringement is willful and increasing damages under 35 U.S.C. § 284;

F.      A judgment declaring that this is an exceptional case and awarding Plaintiffs' reasonable attorneys' fees and costs in this action, as provided by 35 U.S.C. § 285;

G.      Full compensatory monetary damages for actual loss, lost profits, disgorgement of Defendant's profits unjustly obtained, reasonable royalties, and/or exemplary damages for infringement of the '348 Patent;

H.      A judgment awarding Plaintiffs such damages, in an amount to be determined at trial, together with prejudgment and post-judgment interest and costs as fixed by the Court, and the expended costs and reimbursements of the action;

I.      Any and all other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY DEMAND**

41.      Plaintiffs hereby demand a jury for all issues so triable in this Complaint.

Dated: December 4, 2024

Respectfully submitted,

*s/ Gregory D. Miller*
Gregory D. Miller
Timothy P. Gonzalez
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
gregory.miller@rivkin.com
timothy.gonzalez@rivkin.com

OF COUNSEL

Michael R. Dzwonczyk (to be admitted *pro hac vice*)
L. Roman Rachuba II (to be admitted *pro hac vice*)
Hyunseok Park (to be admitted *pro hac vice*)
**SUGHRUE MION PLLC**
2000 Pennsylvania Ave. N.W., Suite 9000
Washington, D.C. 20006
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
hpark@sughrue.com
lrachuba@sughrue.com

*Attorneys for Plaintiffs CURELIFE Co., Ltd. and Cogent Global Inc.*

## **LOCAL RULE 11.2 AND 40.1 CERTIFICATION**

Pursuant to Local Civil Rule 11.2 and 40.1, I hereby certify that, to the best of my knowledge, this action, including United States Patent No. 11,219,348, is related to *Ideavillage Products Corp. v. Yang*, Civil Action No.: 2:24-cv-07657-JKS-JSA (D.N.J).

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 4, 2024                    *s/ Gregory D. Miller*
                                                        Gregory D. Miller

## <u>LOCAL CIVIL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, inter alia, injunctive and declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.


Dated: December 4, 2024                    *<u>s/ Gregory D. Miller</u>*
                                          Gregory D. Miller